**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4509**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEON DEVON DIZZLEY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.  Margaret B. Seymour, District
Judge.  (5:08-cr-00589-MBS-6)

_____

Submitted:  May 27, 2011           Decided:  June 14, 2011

_____

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina,
for Appellant.  William N. Nettles, United States Attorney, J.D.
Rowell, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Leon Devon Dizzley was convicted of conspiracy to commit money laundering, in violation of 18 U.S.C.A. § 1965(h) (West 2000 & Supp. 2010) and 18 U.S.C. § 2 (2006). He was sentenced to sixty months of imprisonment. On appeal, he raises two issues: (1) whether sufficient evidence supported his conviction; and (2) whether the court's willful blindness instruction was proper. For the reasons that follow, we affirm.

Because Dizzley moved for a directed verdict of acquittal, we review the denial of a motion for acquittal de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Viewing the evidence in the light most favorable to the Government as required, Glasser v. United States, 315 U.S. 60, 80 (1942), we find that Dizzley's conviction is supported by substantial evidence. Alerre, 430 F.3d at 693; see United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). We note that the jury simply disbelieved Dizzley's testimony that he did not know he was laundering drug proceeds by engaging in a series of cash automobile sales that were structured to avoid detection. We do not review credibility determinations on appeal. Burgos, 94 F.3d at 863.

Next, Dizzley contests the court's willful blindness instruction. In his opening brief, however, Dizzley admits that

2

the court's instruction was proper.  (Appellant's Br. at 11).

We find no merit to this issue on appeal.  Again, the jury made a credibility determination that Dizzley, an educated man who had known one of co-conspirators (Avery Terrell Haigler) for approximately twenty years, knew that he was helping Haigler and at least one other person launder drug proceeds via cash vehicle sales.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED